Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
Drew P. Taylor, OSB 135974
email: drew@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC**, | Case No.: 3:15-cv-00907 |
| Plaintiff, | COMPLAINT |
| v. | COPYRIGHT INFRINGEMENT |
| **DOE-173.11.1.241,** | |
| Defendant. | DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff Dallas Buyers Club, LLC ("DBC"), complains and alleges as follows:

JURISDICTION AND VENUE

1.      This is a suit for copyright infringement under 17 U.S.C. §§ 101 et seq. ("The Copyright

Act").

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

COMPLAINT                                                                                    Page 1 of 7

3.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) as the defendant is believed to reside in this district.

PARTIES

PLAINTIFF

4.      Plaintiff DBC is a Texas Limited Liability Company and the registered copyright holder of *Dallas Buyers Club.*

The Rights of DBC

5.      *Dallas Buyers Club* is an acclaimed motion picture nominated for six Academy Awards (Oscars).

6.      *Dallas Buyers Club* has been registered with the United States Copyright Office by the owner, DBC, Registration No. PA 1-873-195, 2013

7.      Under The Copyright Act, DBC is the proprietor of copyrights and related interest needed to bring suit.

8.      The motion picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

9.      The motion picture is currently offered for sale in commerce.

10.     Defendant had notice of plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture, and all packaging and copies, each of which bore a proper copyright notice.

THE DEFENDANT

11.     The defendant identified herein as DOE-173.11.1.241 is currently known only by their Internet Protocol ("IP") Address 173.11.1.241 which on 05/09/2015 at 12:05:47 AM UTC, was observed through direct TCI/IP connection as infringing the motion picture.

12.     Through geolocation, the IP address used by the defendant has subsequently been traced to the State of Oregon.

13.     The defendant's IP address has been observed and confirmed as distributing plaintiff's motion picture multiple times.

14.     Defendant's IP address has been observed as associated with the peer-to-peer exchange of a large number of copyrighted titles through the BitTorrent network.

15.     The volume and titles of the activity associated with defendant's IP address indicates that the defendant is likely the primary subscriber of the IP address or someone who resides with the subscriber, as such activity indicates the defendant is an authorized user of the IP address with consistent and permissive access.

16.     The volume and titles of the activity associated with defendant's IP address indicates that the defendant is not a young child.

17.     The defendant's IP address was at that time of observed infringement managed by Internet Service Provider ("ISP") Comcast, who on information and belief, generally assigns an IP address to a single party for extended periods of time, often for months and provides Wi-Fi systems with notable pre-installed security and passwords.

18.     The records maintained by Comcast should be able to identify either the defendant, or the subscriber who contracted with Comcast for service who in turn is likely to have knowledge that will lead to the identity of the defendant.

19.     Plaintiff intends to seek initial discovery to subpoena records from Comcast to ascertain the true identity of the defendant.

////

////

////

COMPLAINT                                                                      Page 3 of 7

BACKGROUND

PEER-TO-PEER INTERNET PIRACY

20.     Digital piracy, including BitTorrent piracy, costs the entertainment industry over $70 billion per year.

21.     As noted by Senator Levin in Congressional hearings on peer-to-peer Internet piracy, "In the world of copyright law, taking someone's intellectual property is a serious offense, punishable by large fines.  In the real world, violations of copyright law over the Internet are so widespread and easy to accomplish that many participants seem to consider it equivalent to jaywalking – illegal but no big deal.  But it is a big deal. Under U.S. law, stealing intellectual property is just that – stealing.  It hurts artists, the music industry, the movie industry, and others involved in creative work.  And it is unfortunate that the software being used – called 'file sharing' as if it were simply enabling friends to share recipes, is helping create a generation of Americans who don't see the harm."

22.     In 2013, in recognition of the growing problems and challenges with counterfeiting and piracy, The Oregon House of Representatives passed House Memorial 2, which made the following findings:

> Whereas the United States and other nations share the challenge of combating intellectual piracy and the counterfeiting of intellectual property such as … films… and technologies that affect the quality of life; and
> Whereas intellectual piracy and counterfeiting have a significant impact on Oregon's economy, and the economies of other states and of nations around the world, which results in job and earnings losses, reduced tax revenues and increased threats to public health and safety; and
> …
> Whereas protecting and enforcing intellectual property rights is crucial to the future of our innovation-based economy; and
> Whereas industries that use intellectual property extensively generate nearly $7.7 trillion in gross output and account for more than 60 percent of total exports from our nation; and

COMPLAINT

Whereas industries that use intellectual property extensively … employ more than 19 million Americans, whose salaries average about 60 percent higher than salaries in industries that do not make extensive use of intellectual property; and

Whereas intellectual property infringement can undermine the nation's economic security; and

Whereas violations of intellectual property rights, ambiguities in the law and a lack of enforcement create uncertainty in the marketplace and in the legal system and undermine consumer trust; and

Whereas intellectual property, including trademarks, [are] essential …; and

…

Whereas failing to adequately protect and enforce intellectual property rights will increase counterfeiting and illicit trade;

…

23.     As such it is clear that giving effect to 17 U.S.C. §§ 101 et seq., and the enforcement of intellectual property rights, and in particular the fight against counterfeiting and piracy are critical issues of importance to the both the United States of America and the State of Oregon.

24.     Internet piracy, and in particular BitTorrent piracy, though known as peer-to-peer file sharing, is often a for-profit business as many software clients, torrent sites and networks generate millions of dollars in revenue through sales and advertising.

25.     To increase the value of the advertising and sometimes subscription access sold by torrent sites, many parties work to expand the pool of available titles and speed of downloads available by increasing the number of member peers and thus the desirability of their clients and networks.  To accomplish this they often reward participants who contribute by giving them faster download speeds, greater access, or other benefits.

26.     Defendant's participation in the BitTorrent exchange of plaintiff's motion picture is the type of activity that torrent sites use to promote their business and likely directly furthered the for-profit business of at least one torrent site.

27.     Many parties, and possibly defendant have been compensated for their participation in expanding the availability of pirated content to others through BitTorrent networks, including plaintiff's movie.

COMPLAINT

28.    The use of BitTorrent does more than cause harm through the simple theft of intellectual property.  The BitTorrent distribution of pirated files is a model of business that profits from theft through sales and advertising and provides a system of rewards and compensation to the participants, each of whom contribute to and further the enterprise.

29.    Based on activity observed associated with defendant's IP address, defendant is a prolific proponent of the BitTorrent distribution system advancing the BitTorrent economy of piracy.

<u>CLAIM FOR RELIEF</u>

COPYRIGHT INFRINGEMENT

30.    Defendant, without the permission or consent of plaintiff, copied and distributed plaintiff's motion picture through a public BitTorrent network.

31.    Defendant's actions infringed plaintiff's exclusive rights under The Copyright Act.

32.    Defendant's conduct has been willful, intentional, in disregard of and indifferent to plaintiff's rights with the intent to deprive plaintiff of income and cause plaintiff harm.

33.    As a direct and proximate result of defendant's conduct, plaintiff's exclusive rights under 17 U.S.C. § 106 have been violated.

34.    Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

35.    The conduct of defendant is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury.

36.    Pursuant to 17 U.S.C. §§ 502 and 503, plaintiff is entitled to injunctive relief prohibiting defendant from further contributing to the infringement of plaintiff's copyrights and ordering that defendant destroy all copies of the motion picture made in violation of plaintiff's rights.

////

////

COMPLAINT

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant as follows:

A.  For entry of permanent injunction enjoining defendant from directly, indirectly or contributory infringing plaintiff's rights, including without limitation by using the internet to reproduce or copy plaintiff's motion picture, to distribute plaintiff's motion picture, or to make plaintiff's motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff. And further directing defendant to destroy all unauthorized copies of plaintiff's motion picture;

B.  Statutory damages pursuant to 17 U.S.C. § 504.

C.  For plaintiff's reasonable costs and attorney fees pursuant to 17 U.S.C. § 505; and

D.  For such other and further relief as the Court deems proper.


DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

DATED: May 27, 2015


Respectfully submitted,

CROWELL LAW

*/s/ Drew P. Taylor*
Carl D. Crowell, OSB No. 982049
carl@crowell-law.com
Drew P. Taylor, OSB No. 135974
drew@crowell-law.com
503-581-1240
Of attorneys for the plaintiff