Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
Drew P. Taylor, OSB 135974
email: drew@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **INTEGRITY COMPUTER SERVICES,** <br><br> Defendant. | Case No.: 3:15-cv-00907-AC <br><br> FIRST AMENDED COMPLAINT <br><br> COPYRIGHT INFRINGEMENT <br><br> ORS 648.007 – Failure to Register <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff Dallas Buyers Club, LLC ("DBC"), complains and alleges as follows:

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under 17 U.S.C. §§ 101 et seq. ("The Copyright Act").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) as the defendant is believed to have it's principal place of business in this district.

## PARTIES

### PLAINTIFF

5.  Plaintiff DBC is a Texas Limited Liability Company and the registered copyright holder of *Dallas Buyers Club*.

### The Rights of DBC

6.  *Dallas Buyers Club* is an acclaimed motion picture nominated for six Academy Awards (Oscars).

7.  *Dallas Buyers Club* has been registered with the United States Copyright Office by the owner, DBC, Registration No. PA 1-873-195, 2013

8.  Under The Copyright Act, DBC is the proprietor of copyrights and related interest needed to bring suit.

9.  The motion picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

10. The motion picture is currently offered for sale in commerce.

11. Defendant had notice of plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture, and all packaging and copies, each of which bore a proper copyright notice.

### THE DEFENDANT

12. The defendant is an Oregon business with its principal place of business in Oregon City, Oregon.

13. The defendant is currently carrying on, conducting, and transacting business in Clackamas County, State of Oregon.

14. The defendant has failed to maintain current registration with the Office of the Secretary of State.

15. The defendant has not designated an agent to receive notifications of claimed infringement on its website in a location accessible to the public or to the United States Copyright Office.

16. Attempts to serve the defendant at their place of business have been rejected.

17. The defendant was administratively dissolved in 2012.

18. The defendant has contracted with Internet Service Provider ("ISP") Comcast and is currently responsible for the Comcast Business Account associated with the Internet Protocol ("IP") address 173.11.1.241.

19. The defendant was observed through a direct TCP/IP connection as infringing the motion picture on 05/09/2015 at 12:05:47 AM UTC and other times.

20. Defendant's IP address has been observed as associated with the peer-to-peer exchange of a large number of copyrighted titles through the BitTorrent network.

21. Subsequent to receiving actual notice of the allegations in this complaint, defendant's IP address has continued to be observed as associated with the peer-to-peer exchange of multiple copyrighted titles.

22. Based on observable data, defendant continues to participate in and facilitate BitTorrent piracy to the present day.

////

////

FIRST CLAIM FOR RELIEF

COPYRIGHT INFRINGEMENT

23. Defendant, without the permission or consent of plaintiff, copied and distributed plaintiff's motion picture through a public BitTorrent network.

24. Defendant's actions infringed plaintiff's exclusive rights under The Copyright Act.

25. Defendant's conduct has been willful, intentional, in disregard of and indifferent to plaintiff's rights with the intent to deprive plaintiff of income and cause plaintiff harm.

26. As a direct and proximate result of defendant's conduct, plaintiff's exclusive rights under 17 U.S.C. § 106 have been violated.

27. Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

28. The conduct of defendant is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury.

29. Pursuant to 17 U.S.C. §§ 502 and 503, plaintiff is entitled to injunctive relief prohibiting defendant from further contributing to the infringement of plaintiff's copyrights and ordering that defendant destroy all copies of the motion picture made in violation of plaintiff's rights.

30. Defendant has not designated an agent to receive notifications of claimed infringement pursuant to 17 U.S.C. § 512(c)(2) on either its website in a location accessible to the public or to the United States Copyright Office.

31. Defendant is not afforded any limitations on liability for copyright infringement under 17 U.S.C. 512 ("The Digital Millennium Copyright Act").

////

////

SECOND CLAIM FOR RELIEF

ALTERNATE THEORY – INDIRECT INFRINGEMENT

32.  Plaintiff repeats and realleges each of the allegations above.

33. Defendant knowingly or with willful disregard permitted, facilitated and promoted the use of the Internet for the infringing of plaintiff's exclusive rights under The Copyright Act by other.

34. Defendant failed to reasonably secure, police and protect the use of its Internet service and or computers against use for improper purposes such as piracy, including the downloading and sharing of motion pictures by others.

35. Defendant's failure was with notice as piracy is a well-known problem and defendant has actual or constructive notice of the potential for piracy and Internet and computer abuse.

36. Defendant's failure was with notice as the volume of activity associated with the defendant's IP address is such that defendant either knew of or should have known of the infringing activity.

37. Defendant's failure and continuing facilitation of piracy was with express notice and acknowledgement of this action and continued after notice of this action to the present day.

38. Defendant is liable as an indirect or secondary infringer.

39. Defendant's conduct has been willful, intentional, in disregard of and indifferent to plaintiff's rights.

40. As a direct and proximate result of defendant's conduct, plaintiff's exclusive rights under 17 U.S.C. § 106 have been violated.

41. Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

42. The conduct of the defendant is causing and, unless enjoined and restrained by this Court will continue to cause plaintiff great and irreparable injury.

43. Pursuant to 17 U.S.C. §§ 502 and 503, plaintiff is entitled to injunctive relief prohibiting defendant from further indirect infringement of its copyrights and ordering that defendant destroy all copies of the motion picture made in violation of its rights and take such further steps as are necessary to prevent further indirect infringement.

44. Defendant has not designated an agent to receive notifications of claimed infringement pursuant to 17 U.S.C. § 512(c)(2) on either its website in a location accessible to the public or to the United States Copyright Office.

45. Defendant is not afforded any limitations on liability for copyright infringement under 17 U.S.C. 512 ("The Digital Millennium Copyright Act").

### THIRD CLAIM FOR RELIEF

### ORS 648.007 – REQUIREMENT TO REGISTER

46. The defendant has failed to maintain current registration with the Oregon Secretary of State in violation of ORS 648.007.

47. The defendant is currently carrying on and conducting business under an assumed business name in Clackamas County Oregon.

48. Pursuant to ORS 648.135, plaintiff is entitled to recover $500 or the actual costs reasonably incurred to ascertain the real and true name of the defendant, whichever is greater.

49. Pursuant to ORS 648.135, the court may award plaintiff reasonable attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant as follows:

    A.    For entry of permanent injunction enjoining defendant from directly, indirectly or contributory infringing plaintiff's rights, including without limitation by using the

internet to reproduce or copy plaintiff's motion picture, to distribute plaintiff's motion picture, or to make plaintiff's motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff. And further directing defendant to destroy all unauthorized copies of plaintiff's motion picture;

B.  Statutory damages pursuant to 17 U.S.C. § 504.

C.  For plaintiff's reasonable costs and attorney fees pursuant to 17 U.S.C. § 505 and 648.135;

D.  $500 or the actual costs reasonably incurred to ascertain the real and true name of the defendant, whichever is greater, pursuant to ORS 648.135; and

E.  For such other and further relief as the Court deems proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

DATED: October 7, 2015.

                                    Respectfully submitted,

                                    CROWELL LAW

                                    *s/ Drew P. Taylor*
                                    Carl D. Crowell, OSB No. 982049
                                    carl@crowell-law.com
                                    Drew P. Taylor, OSB No. 135974
                                    drew@crowell-law.com
                                    503-581-1240
                                    Of attorneys for the plaintiff