IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DALLAS BUYERS, LLC**,

    Plaintiffs,

    v.

**INTEGRITY COMPUTER SERVICES**,

    Defendant.

Case No. 3:15-cv-00907-AC

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge John V. Acosta issued Amended Findings and Recommendation in this case on April 29, 2016 (Dkt. 53). Judge Acosta recommended that Defendant Dallas Buyers, LLC's ("Dallas" or "Plaintiff") motion for leave to file an amended complaint be granted in part and denied in part. Specifically, Judge Acosta recommended that: (1) Dallas's proposed amendment adding facts purporting to show spoliation be granted; (2) Dallas's request to remove Defendant Integrity Computer Services ("Integrity" or "Defendant") and substitute John Huszar ("Huszar") as the defendant be granted, but only with respect to Integrity's claims for direct and indirect copyright infringement; and (3) Dallas's third claim for failure to register an assumed business name be dismissed with prejudice.

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Acosta's Findings and Recommendation for clear error on the face of the record. No such error is apparent. Accordingly, the Court **ADOPTS** Judge Acosta's Amended Findings and Recommendation (Dkt. 53). Dallas's Motion to File an Amended Complaint (Dkt. 37) is GRANTED IN PART AND DENIED IN PART. Dallas's proposed amendment adding facts purporting to show spoliation is granted. Dallas's request to remove Integrity and substitute Huszar as the defendant is granted, but only with respect to Integrity's

PAGE 2 – ORDER

claims for direct and indirect copyright infringement. Dallas's third claim for failure to register an assumed business name is dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 31st day of May, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – ORDER