Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **JOHN HUSZAR,** <br><br> Defendant | Case No.: 3:15-cv-0907-AC <br><br> PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; EXHIBITS 1 - 3 <br><br> FRCP 56; FRCP 12(c) |

**CONFERRAL**

The parties have conferred on this motion by email and telephone and they are unable to resolve this matter.

**SUMMARY PARTIAL JUDGMENT FRCP 56 / FRCP 12(c)**

Plaintiff moves for a partial summary judgment for copyright infringement in that the Defendant John Huszar has admitted all material elements and there are no material facts in dispute as to liability and willfulness.

This motion is supported by the record of this action, including the admissions of the defendant deemed admitted (Exhibit 1; ECF 71-1; ECF 84, Order), the Second Amended Complaint (ECF 63) and the Defendant's Answer (ECF 71) as modified in response to Plaintiff's Motion to Strike. Exhibit 2; ECF 72; ECF 95, Order.

MEMORANDUM

1. **Background**

Plaintiff initially brought claims against an unknown defendant known only to be a user of a Comcast commercial / business account, originally identified as DOE-173.11.1.241. ECF 1, May 27, 2015. Plaintiff sought leave for initial discovery and with leave of the Court subpoenaed ISP Comcast for the identity of the business associated with Internet protocol address ("IPA") 173.11.1.241.

In response, Comcast identified Integrity Computer Services who was initially non-responsive to Plaintiff's efforts to identify the infringer. After initial investigation and willful obstruction, Integrity Computer Service was named as a defendant. ECF 10. Defendant's first appearance was October 29, 2015. ECF 15. In response to a motion to dismiss claiming Integrity Computer Service was dissolved and the real party at interest was John Huszar, a Second Amended Complaint over objections was allowed naming John Huszar. ECF 63. Then, in an in-person conference with the Court, Plaintiff's counsel and the Defendant Huszar were directed to develop a discovery plan which was to include the production of the only computer known to have accessed IPA 173.11.1.241, the IPA through which the infringing activity was observed. ECF 29. Subsequent to this personal directive Defendant Huszar irretrievably deleted both the hard drive of the relevant computer and the backup RAID drive, resulting in a sanctions order against him. ECF 95.

In the course of this case, Defendant Huszar has worked with at least seven (7) counsel, four (4) now being of record in this action. The current wave of counsel began appearing in February 2017. ECF 100. Now after over two years, on review of the docket as a whole, including all the pleadings, it is clear that the only issue possibly tried to a jury is damages as elements to all other matters have been admitted. Wherefore Plaintiff moves for partial summary

judgment based on facts admitted and pleadings as to liability and willfulness to permit more efficient management of the remaining issue of damages.

  **2.**  **The Admissions – Exhibit 1**

On April 6, 2016, after conferral between counsel pursuant to FRCP 26, counsel for Plaintiff served on then counsel for Defendant requests for admissions pursuant to FRCP 36. On September 12, 2016, after five (5) months without any response or indication a response would be provided, Plaintiff requested the Court direct the defendant to respond to pending requests or deem the requests admitted absent a response. ECF 77 (Motion) and Exhibit 1 (ECF 77-1). The Defendant continued to refuse to respond to the discovery requests, respond to the Court, or Plaintiff's motion. On October 11, 2016, "Plaintiff's request for admissions [were] deemed fully admitted based on the lack of any response by Defendant Huszar." ECF 84.

An admission, even an admission deemed admitted because of a failure to respond, is binding on the party at trial. *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir., 2007). An admission may "carry more weight than a witness statement" because an admission "cannot be countered by other evidence." *McNeil v. AT&T Universal Card*, 192 FRD 492, 494 n. 4 (E.D. Pa. 2000); See also 9th Cir. Model Jury Instruction 2.12, Use of Requests for Admission, ("You must treat these facts as having been proved."). A court should limit evidence that is inconsistent with a Rule 36 admission. *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir.1985).

Pursuant to FRCP 36 and the October 11, 2016 Order, the following facts (and others) are deemed admitted:

> 4. Admit that defendant John Huszar has used the BitTorrent protocol for the exchange of files with others in violation of U.S. copyright law.
>
> 5. Admit that prior to the filing of this suit John Huszar was familiar with the use of BitTorrent for the downloading of media.

6. Admit that John Huszar, without permission or consent of the authors, willfully copied and distributed multiple copyrighted files through a public peer-to-peer network.

7. Admit that John Huszar, without permission or consent of plaintiff copied and distributed at least portions of the motion picture Dallas Buyers Club through a public BitTorrent network.

See generally Exhibit 1; ECF 77-1.

### 3.     The Pleadings – Exhibit 2

Plaintiff's Second Amended Complaint, filed July 7, 2017, and after contested motions practice (See ECF 37, et seq.), contains the following allegations relevant at this point:

7. Dallas Buyers Club has been registered with the United States Copyright Office by the owner, DBC, Registration No. PA 1-873-195, 2013

8. Under The Copyright Act, DBC is the proprietor of copyrights and related interest needed to bring suit.

Pursuant to FRCP 8(b)(6), "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Defendant's Answer, as modified by the Court's Order to Strike (ECF 95), is submitted as Exhibit 2.  In Defendant Huszar's Answer, filed over a year ago on August 19, 2016, Huszar generally fails to deny any allegations other than to deny his personal downloading of Plaintiff's motion picture.

Defendant Huszar does not deny Plaintiff's claim, right, or ownership of the motion picture *Dallas Buyers Club*, or dispute the validity of the copyright certificate, a public record, true copy submitted as Exhibit 3.  Defendant Huszar raises no defenses, affirmative or otherwise, other than to deny he personally download Plaintiff's motion picture.  This claim in the Answer is contrary to the conclusive admissions deemed admitted and therefore immaterial.

4.   **Copyright Infringement Summary Judgment**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

"To establish a claim of copyright infringement by reproduction, the plaintiff must show ownership of the copyright and copying by the defendant." *Kelly v. Arriba Soft Corp.,* 336 F.3d 811, 817 (9th Cir. 2003); *see also, Printex Indus.*, *Inc. v. Aeropostale*, *Inc.*, 676 F.3d 841, 846 (9th Cir. 2012).

   a.  **Ownership by Plaintiff**

Plaintiff submits as evidence of ownership Exhibit 3, the true copy of Plaintiff's Copyright Registration No. PA 1-873-195, a public record issued by the United States Copyright Office establishing the first element of Plaintiff's claim.  Under 17 U.S.C. §410(c), a copyright registration certificate constitutes *prima facie* evidence of the validity of the copyright and all facts stated on the certificate, including the statements relating to originality and Plaintiff's ownership of the motion picture. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003); See also 9th Circuit Model Jury Instruction 17.7; *North Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992) ("[R]egistration of the copyright certificate itself establishes a *prima facie* presumption of the validity of the copyright in a judicial proceeding […]").  Further, as per the pleadings, the claim of ownership and the rights of Plaintiff as a registered copyright owner are properly plead and not denied, and thus deemed admitted. FRCP 8(b)(6).

Defendant now bears the burden of rebutting the presumption of validity. *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011); *Hamil America Inc. v. GFI*,

193 F.3d 92, 98 (2d Cir. 1999). To rebut this presumption, Defendant must plead and prove that Plaintiff defrauded the Copyright Office and that the putative fraud relates to the underlying ability to register the work. 17 U.S.C. §411(b)(1). The standard for fraud is high and goes beyond a mere misstatement or clerical error. *L.A. Printex Indus. v. Aeropostale,* 676 F. 3d at 853. Defendant has not and cannot present such evidence as there has been no fraud nor has any claim of fraud been plead.

### b. Infringement is established

The Copyright Act (17 U.S.C. § 101, et seq.) protects the copyright owner by granting the exclusive right to "reproduce, distribute, and publicly display copies of the work." 17 U.S.C. § 106. To establish infringement, a plaintiff need only demonstrate that an infringer violated one of the exclusive rights granted under 17 U.S.C. § 106, such as the right to copy or duplicate. *See* 17 U.S.C. § 501(a) (infringement occurs when alleged infringer engages in activity listed in § 106); *see also Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir.1987).

In the present case Defendant Huszar, though the admissions deemed admitted over a year ago, admits he used the BitTorrent protocol for the exchange of files with others in violation of U.S. copyright law (No. 4); that prior to the filing of this suit John Huszar was familiar with the use of BitTorrent for the downloading of media (No. 5); that John Huszar, without permission or consent of the authors, willfully copied and distributed multiple copyrighted files through a public peer-to-peer network (No. 6); and that <u>John Huszar, without permission or consent of plaintiff copied and distributed at least portions of the motion picture Dallas Buyers Club through a public BitTorrent network.</u> These admissions are binding. *Conlon v. U.S.*, 474 F.3d at 621.

Downloading and distributing copyrighted material through the use of BitTorrent is an infringing act violating the copyright holder's right to reproduction. 17 U.S.C. § 106 (1). This is

well established and affirmed in *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 10334. (9th Cir., 2013).

To the extent Defendant might argue he did not download the entire film, there is no *de minimis* defense available to the defendant. "[A] taking may not be excused merely because it is insubstantial with respect to the infringing work.... `[N]o plagiarist can excuse the wrong by showing how much of his work he did not pirate.'" *Harper & Row v. Nation Enters.*, 471 U.S. 539, 565, quoting *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir.1936). Though *de minimis* copying might be a component of a properly plead fair use defense together with all other factors, no such defense has been plead or is at issue.

Finally, as per the sanctions ordered against the Defendant, (ECF 95) Defendant has already willfully destroyed any evidence related to his conduct and should not now be permitted to even raise the issue.

    c. **Defendant's conduct was willful as a matter of law**

Willfulness in the copyright context of 17 U.S.C. § 504(c)(2) can be based on either "intentional" behavior, or merely "reckless behavior." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). "To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (*quoting Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)).

As per the admissions deemed admitted in this matter, Huszar admits he used the BitTorrent protocol for the exchange of files with others in violation of U.S. copyright law (No. 4); that prior to the filing of this suit John Huszar was familiar with the use of BitTorrent for the downloading of media (No. 5); that John Huszar, without permission or consent of the authors,

<u>willfully copied and distributed multiple copyrighted files</u> through a public peer-to-peer network (No. 6).

These admissions, taken as true, and bolstered by Huzar's willful spoliation of evidence must be accepted as not less than reckless behavior under the Copyright Act and therefore willful in the context of 17 U.S.C. § 504(c)(2).

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court summarily adjudicate the following issues: 1.) Dallas Buyers Club, LLC owns a valid copyright for the motion picture *Dallas Buyers Club* and is the proper Plaintiff in this action; 2.) Defendant John Huszar copied and distributed Plaintiff's motion picture *Dallas Buyers Club*; 3.) Defendant John Huszar's conduct was willful as a matter of law under the Copyright Act.

The issue of damages remains to be presented to a jury.

Respectfully submitted this 14th day of November, 2017.

    Respectfully submitted,

    CROWELL LAW

    /s/ Carl D. Crowell
    Carl D. Crowell, OSB No. 982049
    carl@crowell-law.com
    503-581-1240
    Of attorneys for the Plaintiff