John Mansfield, OSB No. 055390
john@harrisbricken.com
Megan Vaniman, OSB No. 124845
megan@harrisbricken.com
HARRIS BRICKEN
511 SE 11th Ave., Ste. 201
Portland, OR  97214
503-207-7313
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,**<br><br>           Plaintiff,<br><br>     v.<br><br>**JOHN HUSZAR,**<br><br>           Defendant. | Case No.: 3:15-cv-00907-AC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff moves for summary judgment relying primarily on defendant's own admissions of liability in requests for admission and pleadings. In an effort to muddy the water, defendant's latest three lawyers have put together a blunderbuss of documents, which were never produced in this case or made the basis of a motion to compel, and ask this Court to throw the whole mess in

- 1 -    PLAINTIFF'S REPLY IN SUPPORT OF ITS
         MOTION FOR PARTIAL SUMMARY JUDGMENT

the air and hope that a disputed fact sticks. This Court should disregard defendant's efforts and grant summary judgment on liability willfulness.

## I. DEFENDANT CANNOT SHOW ANY DISPUTED FACTS ON LIABILITY

### A. Defendant has admitted liability for copyright infringement.

To show copyright infringement, plaintiff needs to prove that (1) it "is the owner of a valid copyright; and (2) the defendant copied original expression from the copyrighted work." Ninth Cir. Model Jury Instructions, § 17.5 Copyright Infringement Elements. Here, defendant failed to provide any substantive responses to plaintiff's requests for admission ("RFAs"), even in the face of plaintiff's motion to compel responses or have them admitted. [ECF 77]. Accordingly, in October 2016, the Court ordered that these admissions are "deemed fully admitted based on the lack of any response by Defendant Huszar." [ECF 84]. Neither defendant nor any of his lawyers have made any legal challenge to this Court about these admissions until the opposition to plaintiff's motion for summary judgment.

Defendant has admitted "plaintiff's motion picture, *Dallas Buyers Club*, contains original material that is copyrightable subject matter under the laws of the United States." RFA 1, Ex. 1 to Pls. Mot. for Sum. Judg. This admission conclusively proves element 1 of the copyright infringement jury instruction, admitting that it is plaintiff who owns the copyrighted film, and that the movie contains original and thus copyrightable subject matter under U.S. law.

Defendant has also admitted that "John Huszar, without permission or consent of plaintiff copied and distributed at least portions of the motion picture *Dallas Buyers Club* through a public BitTorrent network." *Id.* at RFA 7. Copying and distribution are two of the bundle of rights owned by a copyright holder as set out in the Copyright Act. *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir.2012) (Ninth Circuit considers the word "copying" as "shorthand" for the various activities that may infringe a copyright owner's six exclusive rights described at 17 U.S.C. § 106). This admission conclusively proves element 2 of the copyright infringement jury instruction.

- 2 -   **PLAINTIFF'S REPLY IN SUPPORT OF ITS
          MOTION FOR PARTIAL SUMMARY JUDGMENT**

B. **Defendant's efforts to raise disputed issues of fact are unsuccessful.**

Defendant's strategy is to treat these conclusive admissions as merely prima facie evidence, that can now be rebutted by pointing to supposed facts that allegedly contradict the admissions. But an admission "goes beyond being mere evidence" that can be rebutted by other evidence. *Vincent v. C.O. M. House*, No. 07CV632A, 2009 U.S. Dist. LEXIS 80776, 8 (W.D.N.Y. Sept. 4, 2009). A request, if admitted, "is conclusive of the matter and avoids the need for proof [of that matter] at trial." *Id.* The Ninth Circuit Model Jury Instructions instruct the jury that it "must treat [admitted] facts as having been proved." Ninth Cir. Model Jury Instruction 2.12, Use of Requests for Admission.

Defendant's claims that infringement is not established by the requests because they are "overly broad and do not address originality" are mistaken. First, any objections that defendant now wants to raise are waived. Defendant failed to timely respond to the RFAs and even failed to respond once plaintiff moved to have the RFAs deemed admitted.

Defendant also attempts to claim that the RFAs in question do not actually establish the elements of copyright infringement of plaintiff's original work. In particular, defendant asserts that RFA 7 does not specify intent, "proximity to the copying," and the "actual thing being copied and distributed." Defendant cites no authority supporting his claim that "intent" is an element of copyright liability, because it is not. *Gener-Villar v. Adcom Group, Inc.*, 509 F.Supp.2d 117, 125-26 (D.P.R., 2007). Whatever defendant means by "proximity to copying," there is again no authority showing that this is an element that must be proven by plaintiff. Even if it were required, RFA 7 admits that "John Huszar….copied and distributed" the copyrighted work. Defendant was not just proximate to the copying, but was the actual copier.

- 3 -   PLAINTIFF'S REPLY IN SUPPORT OF ITS
         MOTION FOR PARTIAL SUMMARY JUDGMENT

Finally, defendant attempts to thread the needle to claim that RFA 7 could hypothetically apply to scenarios where defendant only copied "unoriginal" material, *e.g.*, the black screen in the credits. Again, defendant has admitted that the work is original and copyrightable, and that he copied at least portions of it. The RFA establishes the elements of copyright infringement and it is too late for defendant to claim that the facts are different than what he has admitted. In any event, defendant has also admitted that he has destroyed "all records in his possession of any activity occurring through IP address 173.11.1.241, including the deletion and over-write of both the hard drive of the computer in use and the backup…." RFA 8, 9-10, Ex. 1 to Pls. Mot. for Sum. Judg. This spoliation led the Court to enter the following adverse inference sanction: "Defendant John Huszar has failed to preserve computer hard drives that may have contained evidence relevant to this case. You may presume that the lost evidence was favorable to Plaintiff. Whether this finding is important to you in reaching a verdict in this case is for you to decide." Defendant cannot rebut this evidence at trial, and it is the only evidence that could possibly prove his hypothetical. Sanctions Order, at 10. [ECF 95].

  **C. Defendant's efforts to raise disputed issues of fact about ownership are beside the point.**

Defendant has also attached sheaves of paper from other jurisdictions attempting to show that plaintiff does not own the copyright to the subject film. Included in these documents is a document apparently downloaded from the internet that purports to be some papers from an Australian case addressing ownership under Australian copyright law.  None of these documents are self-authenticating or subject to judicial notice. Even if they were, they could not be used to raise a disputed issue of fact that is contrary to what defendant has already admitted: Dallas Buyer's club, is owned by plaintiff, and is copyrightable under U.S. law.

## II.    DEFENDANT CANNOT SHOW DISPUTED FACTS ON WILLFULNESS

Plaintiff has also moved for summary judgment that defendant's infringement was willful, requiring that he show there is no disputed issue of fact that either "defendant was aware of the infringing activity," or that defendant acted with reckless disregard or willful blindness" for the copyright holder's rights. *Louis Vuitton Malletier v. Akanoc*, 658 F.3d 936, 944 (9th Cir. 2011).

Here, defendant has admitted that he has "used the BitTorrent protocol for the exchange of files with others in violation of U.S. copyright law, RFA 4, " was familiar with the use of BitTorrent for the downloading of media," RFA 5, "willfully copied and distributed multiple copyrighted files through a public peer-to-peer network, RFA 6, and that he "distributed at least portions of the motion picture *Dallas Buyers Club* through a public BitTorrent network." These admissions irrefutably establish both that defendant "was aware" of his infringement, or that he stuck his head in the sand in reckless disregard or willful blindness to plaintiff's rights. Evidence that is contrary to defendant's own admissions cannot be considered.

Defendant claims that willfulness is not appropriate for summary judgment or cannot be decided as a question of law. But determining which issues are factually undisputed and thus can be decided as a matter of law is what summary judgment is for. This is a classic case for summary judgment. Defendant brought no disputed facts on willfulness *in this case* before the Court, other than a speculative and general discussion of open Wi-Fi and the Tor network which is unsupported by any evidence at all, much less any evidence applying to this case. This Court should find that defendant's infringement was willful.

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
       MOTION FOR PARTIAL SUMMARY JUDGMENT**

**III.   CONCLUSION:  DEFENDANT'S OWN ADMISSIONS SHOW THAT SUMMARY JUDGMENT SHOULD BE ENTERED**

Defendant has admitted liability and willfulness. Despite having at least seven lawyers over the course of this case, defendant has never moved or taken any other action to respond to these admissions until his opposition to summary judgment, comprising several hundred pages of documents in an attempt to show that somewhere there must be some disputed facts. But the reason Rule 36 admissions exist is so that parties can cut to the chase and focus the litigation on disputed claims. Now, 16 months after the Court ordered these admissions, is simply too late to claim that these issues are disputed. Plaintiff respectfully asks this Court to enter summary judgment on infringement and willfulness.

DATED:  February 12, 2018.                HARRIS BRICKEN

                                          By:  s/ John Mansfield
                                               John Mansfield, OSB No. 055390
                                               john@harrisbricken.com
                                               Megan Vaniman, OSB No. 124845
                                               megan@harrisbricken.com
                                               511 SE 11th Ave., Ste. 201
                                               Portland, OR  97214
                                               503-207-7313

                                          *Attorneys for Plaintiff*