Carl D. Crowell, OSB No. 982049
carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** | Case No.:3:15-cv-00907-AC |
| Plaintiff, | Plaintiff's Response to Defendant's Requests for Production |
| vs. | First Requests (#1–15) |
| **JOHN HUSZAR,** | FRCP 34 |
| Defendant. | Nos. 1 - 15 |

Pursuant to and in accordance with the rules and standards of the Federal Rules of Civil Procedure and related Local Rules, in particular FRCP 26 and 34, Dallas Buyers Club, LLC responds to Defendant's submitted Requests for Production (Nos. 1-15) as follows:

**General Objection**

Plaintiff objects to any instruction that deviates or alters its obligations under convention, the Federal Rules of Civil Procedure and related Local Rules and responds solely as it may elect to do so voluntarily or as required pursuant to such rules and as Plaintiff understands and interprets the submitted requests. Plaintiff also objects to atypical language that creates obscure or misleading answers and directs that requests should be submitted in plain, specific and coherent language.

### Note On Production

In the designation of any responsive document, Plaintiff may elect to only designate a document for a single request and any responsive document already produced may or may not be re-designated.

For all documents properly deemed confidential, Plaintiff will make such production on entry of an acceptable protective order such as the U.S.D.C. Oregon Model Tier 1 protective order as has been proposed by Plaintiff and submitted to Defendant.

### **DOCUMENT REQUESTS**

1. All packet captures for the ten (10) Subject Hash entries listed on Exhibit A-1 of Defendant's Request For Admissions to Plaintiff, Set One.

**RESPONSE:** All responsive documents not already produced are in the custody and control of third party Excipio and will be provided at cost, generally being $250-$450 per PCAP. Any such information to be used at trial, when ordered, will be promptly produced.

2. All packet captures for the thirty-two (32) Subject Hash entries listed on Exhibit A-5 at page 14 of Defendant's Request For Admissions to Plaintiff, Set One.

**RESPONSE:** All responsive documents not already produced are in the custody and control of third party Excipio and will be provided at cost, generally being $250-$450 per PCAP. Any such information to be used at trial, when ordered, will be promptly produced.

3. All packet captures for the fifty-one (51) Subject Hash entries listed on Exhibit A-6 at pages 16-18 of Defendant's Request For Admissions to Plaintiff, Set One.

**RESPONSE:** All responsive documents not already produced are in the custody and control of third party Excipio and will be provided at cost, generally being $250-$450 per PCAP. Any such information to be used at trial, when ordered, will be promptly produced.

4.	All packet captures for the Subject Hash listed in Exhibit A-7 at page 4 of Defendant's Request For Admissions to Plaintiff, Set One.

**RESPONSE:** All responsive documents not already produced are in the custody and control of third party MaverickEye and will be provided at cost, generally being $250-$450 per PCAP. Any such information to be used at trial, when ordered, will be promptly produced.

5.	All packet captures for the Subject Hash listed in Exhibit A-8 at page 8 of Defendant's Request For Admissions to Plaintiff, Set One.

**RESPONSE:** All responsive documents not already produced are in the custody and control of third party Excipio and will be provided at cost, generally being $250-$450 per PCAP. Any such information to be used at trial, when ordered, will be promptly produced.

6.	All packet captures for the ten (19) Subject Hash entries listed on Exhibit A-9 at page 10 of Defendant's Request For Admissions to Plaintiff, Set One.

**RESPONSE:** All responsive documents not already produced are in the custody and control of third party Excipio and will be provided at cost, generally being $250-$450 per PCAP. Any such information to be used at trial, when ordered, will be promptly produced.

7.	All expert reports and communications that were created prior to this matter regarding Plaintiff's Motion Picture.

**RESPONSE:** Plaintiff objects as the request is vague, in particular as to the term of "expert reports" is not reasonably tailored to this action and an undue burden. Plaintiff further objects to the extent this request calls for privileged information, including attorney-client and work product privilege or other confidential information that may have no relevance to this or any litigation.

Without waiving any of the above objections, Plaintiff agrees to produce all discoverable expert reports used in any copyright litigation related to the motion picture.

8.	All communications between DALLAS BUYERS CLUB, LLC and MICHAEL WICKSTOM, a/k/a MICHAEL WICKSTROM that support the allegations in the FAC that the Defendant is liable for Copyright Infringement.

**RESPONSE:**  Plaintiff objects as this request is vague and not reasonably tailored to this action and an undue burden.  Plaintiff further objects to the extent this request calls for privileged information, including attorney-client and work product privilege.

Without waiving any of the above objections, Plaintiff responds that no such documents are known to exist.

9.	All communications between DALLAS BUYERS CLUB, LLC and DANIEL MACEK that support the allegations in the FAC that the Defendant is liable for Copyright Infringement.

**RESPONSE:**  Plaintiff objects as this request is vague and not reasonably tailored to this action and an undue burden.  Plaintiff further objects to the extent this request calls for privileged information, including attorney-client and work product privilege.

Without waiving any of the above objections, Plaintiff responds that no such documents are known to exist.

10.	All communications between DALLAS BUYERS CLUB, LLC and BEN PARINO that support the allegations in the FAC that the Defendant is liable for Copyright Infringement.

**RESPONSE:**  Plaintiff objects as this request is vague and not reasonably tailored to this action and an undue burden.  Plaintiff further objects to the extent this request calls for privileged information, including attorney-client and work product privilege.

Without waiving any of the above objections, Plaintiff responds that no such documents are known to exist.

11.	All communications between DALLAS BUYERS CLUB, LLC and ROBERT YOUNG that support the allegations in the FAC that the Defendant is liable for Copyright Infringement.

**RESPONSE:** Plaintiff objects as this request is vague and not reasonably tailored to this action and an undue burden. Plaintiff further objects to the extent this request calls for privileged information, including attorney-client and work product privilege.

Without waiving any of the above objections, Plaintiff agrees to produce all such discoverable documents as they are created and available.

12. All communications between DALLAS BUYERS CLUB, LLC and COMCAST that support the allegations in the FAC that the Defendant is liable for Copyright Infringement.

**RESPONSE:** Responsive documents have been or will be produced.

13. The Agency Agreement between DALLAS BUYERS CLUB, LLC and VOLTAGE PICTURES.

**RESPONSE:** Plaintiff objects as the request is vague and not reasonably tailored to this action and an undue burden. Plaintiff further objects to the extent this request calls for confidential or privileged information, including attorney-client and work product privilege.

Without waiving any of the above objections, Plaintiff agrees to produce all such discoverable documents that might be relevant to this action.

14. All communications that support your response to Request 6 of Defendant's Request For Admissions to Plaintiff, Set One.
    6. Admit that MaverickEye UG is the only entity that captured the Observed Data in relation to the infringement alleged in the SAC.

**RESPONSE:** Plaintiff objects to the extent this request is vague and calls for privileged information, including attorney-client and work product privilege. Responsive documents have been produced.

15.     All organizational documents, articles of incorporation, meeting minutes, business reports, and financial documents for DALLAS BUYERS CLUB, LLC's, including, but not limited to: income and balance sheets, accounts payable, accounts receivable, asset lists, etc, but not including any federal or state tax returns, for the time periods:

        a)     Fiscal Year 2012
        b)     Fiscal Year 2013
        c)     Fiscal Year 2014
        d)     Fiscal Year 2015
        e)     Fiscal Year 2016
        f)     Fiscal Year 2017 (records to date)

**RESPONSE**: Plaintiff objects to this request as beyond the Federal Rules of Civil Procedure. Further the request is overbroad, an undue burden, vague, and ambiguous to the extent that it relies on the term "all documents," independent of their relevance to this action or damages. A literal reading this request might include countless documents relating to Dallas Buyers Club, LLC, regardless of significance, relevance, or any likelihood of relating to relevance.

      Plaintiff further objects to this request, whether broadly or more narrowly construed, to the extent it seeks production of confidential documents and documents protected by the work product doctrine or the attorney-client privilege.

      Without waiving any of the above objections, Plaintiff agrees to produce documents sufficient for evaluating the economics of the motion picture as they might be related to this action subject to a protective order where proper.

///
///

= = = =

## CERTIFICATE OF SERVICE

      I certify that the foregoing document is being served on the date indicated below by transmitting a copy thereof by electronic mail to Defendant as follows:

      Michael O. Stevens
      STEVENS & LEGAL, LLC
      3699 NW John Olsen Place
      Hillsboro, OR 97124

      email: michael@hillsborofirm.com

DATED this 22nd day of April, 2017.

Crowell Law

*/s/ Carl D. Crowell*
Carl D. Crowell, OSB# 982049
P.O. Box 923
Salem, OR 97308
503-581-1240
carl@crowell-law.com
Of Attorneys for Plaintiff

Carl D. Crowell, OSB No. 982049
carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** | Case No.:3:15-cv-00907-AC |
| Plaintiff, | Plaintiff's Response to Defendant's Amended Requests for Production |
| **vs.** | Requests (#8–12) |
| **JOHN HUSZAR,** | FRCP 34 |
| Defendant. | Nos. 8 - 12 |

Pursuant to and in accordance with the rules and standards of the Federal Rules of Civil Procedure and related Local Rules, in particular FRCP 26 and 34, Dallas Buyers Club, LLC responds to Defendant's submitted Amended Requests for Production, Set No. 1 (Nos. 8-12) as follows:

**General Objection**

Plaintiff objects to any instruction that deviates or alters its obligations under convention, the Federal Rules of Civil Procedure and related Local Rules and responds solely as it may elect to do so voluntarily or as required pursuant to such rules and as Plaintiff understands and interprets the submitted requests. Plaintiff also objects to atypical language that creates obscure or misleading answers and directs that requests should be submitted in plain, specific and coherent language.

## Note On Production

In the designation of any responsive document, Plaintiff may elect to only designate a document for a single request and any responsive document already produced may or may not be re-designated.

## DOCUMENTS REQUESTED

8. All communications between Plaintiff and MICHAEL WICKSTROM that refer, note, mention, or reference Defendant's IP Address or any defendant that has been a party to this action.

**RESPONSE:** Plaintiff objects as this request is vague. Plaintiff further objects to the extent this request calls for privileged information, including attorney-client and work product privilege.

Without waiving any of the above objections, Plaintiff responds that after diligent investigation no non-privileged documents are known to exist.

9. All communications between Plaintiff and DANIEL MACEK that refer, note, mention, or reference Defendant's IP Address or any defendant that has been a party to this action.

**RESPONSE:** Plaintiff objects as this request is vague. Plaintiff further objects to the extent this request calls for privileged information, including attorney-client and work product privilege.

Without waiving any of the above objections, Plaintiff responds that after diligent investigation no non-privileged documents are known to exist.

10. All communications between Plaintiff and BEN PARINO that refer, note, mention, or reference Defendant's IP Address or any defendant that has been a party to this action.

**RESPONSE:** Plaintiff objects as this request is vague.

Without waiving any of the above objections, Plaintiff responds that after diligent investigation no non-privileged documents are known to exist.


11. All communications between Plaintiff and ROBERT YOUNG that refer, note, mention, or reference Defendant's IP Address or any defendant that has been a party to this action.

**RESPONSE:** Plaintiff objects as this request is vague.

Without waiving any of the above objections, Plaintiff agrees to produce or has produced all such discoverable documents and will continue to produce such as they are created and available.


12. All communications between Plaintiff and COMCAST that refer, note, mention, or reference Defendant's IP Address or any defendant that has been a party to this action.

**RESPONSE:** Responsive documents have been or will be produced.

///
///

= = = =

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being served on the date indicated below by transmitting a copy thereof by electronic mail to Defendant as follows:

>Michael O. Stevens
>STEVENS & LEGAL, LLC
>3699 NW John Olsen Place
>Hillsboro, OR 97124
>
>email: michael@hillsborofirm.com

DATED this 28th day of September, 2017.

Crowell Law

*/s/ Carl D. Crowell*
Carl D. Crowell, OSB# 982049
P.O. Box 923
Salem, OR 97308
503-581-1240
carl@crowell-law.com
Of Attorneys for Plaintiff

Carl D. Crowell, OSB No. 982049
carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** | Case No.:3:15-cv-00907-AC |
| Plaintiff, | Plaintiff's Response to Defendant's Requests for Production |
| vs. | Second Requests (#16–19) |
| **JOHN HUSZAR,** | FRCP 34 |
| Defendant. | Nos. 16 - 19 |

Pursuant to and in accordance with the rules and standards of the Federal Rules of Civil Procedure and related Local Rules, in particular FRCP 26 and 34, Dallas Buyers Club, LLC responds to Defendant's submitted Requests for Production, Set No. 2 (Nos. 16-19) as follows:

**General Objection**

Plaintiff objects to any instruction that deviates or alters its obligations under convention, the Federal Rules of Civil Procedure and related Local Rules and responds solely as it may elect to do so voluntarily or as required pursuant to such rules and as Plaintiff understands and interprets the submitted requests. Plaintiff also objects to atypical language that creates obscure or misleading answers and directs that requests should be submitted in plain, specific and coherent language.

**Note On Production**

In the designation of any responsive document, Plaintiff may elect to only designate a document for a single request and any responsive document already produced may or may not be re-designated.

For all documents properly deemed confidential, Plaintiff will make such production on entry of an acceptable protective order such as the U.S.D.C. Oregon Model Tier 1 protective order as has been proposed by Plaintiff and submitted to Defendant.

**DOCUMENT REQUESTS**

16. The MAC address of the device that Plaintiff alleges infringed the Work.
    **RESPONSE:** No responsive documents are in Plaintiff's custody or control or are reasonably obtainable by Plaintiff.

17. A true and complete depository copy of the Work.
    **RESPONSE:** Plaintiff objects as the requested document is equally available to both parties and may be obtained on a request submitted to the Copyright Office. A copy of the motion picture is publicly available and may be obtained through any number of retail outlets. A copy of the motion picture to be used at trial will be provided.

18. All assignments and liens related to the Work.
    **RESPONSE:** Plaintiff objects as the request is vague, in particular as to the term of "related to the Work" is not reasonably tailored to this action and an undue burden. Plaintiff further objects to the extent this request calls for privileged information or other confidential information that may have no relevance to this or any litigation.
    Without waiving any of the above objections, Plaintiff has produced and agrees to produce discoverable documents sufficient to verify Plaintiff's standing to bring and maintain the current action.

19.   A true and complete copy of all Subpoena(s) Duces Tecum You have served in relation to this case.

**RESPONSE:**   All responsive documents have been or will be provided.

= = = =

CERTIFICATE OF SERVICE

I certify that the foregoing document is being served on the date indicated below by transmitting a copy thereof by electronic mail to Defendant as follows:

>Michael O. Stevens
>STEVENS & LEGAL, LLC
>3699 NW John Olsen Place
>Hillsboro, OR 97124
>
>email: michael@hillsborofirm.com

DATED this 28th day of June, 2017.

Crowell Law

*/s/ Carl D. Crowell*
Carl D. Crowell, OSB# 982049
P.O. Box 923
Salem, OR 97308
503-581-1240
carl@crowell-law.com
Of Attorneys for Plaintiff