Carl D. Crowell, OSB No. 982049
carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** | Case No.:3:15-cv-00907-AC |
| Plaintiff, | Plaintiff's Response to Defendant's Requests for Admissions |
| **vs.** | Requests (#1–9) |
| **JOHN HUSZAR,** | FRCP 36 |
| Defendant. | Nos. 1 - 9 |

Pursuant to and in accordance with the rules and standards of the Federal Rules of Civil Procedure and related Local Rules, in particular FRCP 26 and 36, and the Order of this Court on further discovery, Dallas Buyers Club, LLC responds to Defendant's submitted Requests for Admissions (Nos. 1-9) as follows:

#### General Objection

Plaintiff objects to any instruction that deviates or alters its obligations under convention, the Federal Rules of Civil Procedure and related Local Rules and responds solely as it may elect to do so voluntarily or as required pursuant to such rules and as Plaintiff understands and interprets the submitted requests.   Plaintiff also objects to atypical language that creates obscure

or misleading answers and directs that requests should be submitted in plain, specific and coherent language.

DEFENDANT'S REQUESTS FOR ADMISSION

1.      Admit the Genuineness of the nine documents attached as Exhibit A.

**RESPONSE:** Plaintiff objects to the vague term "Genuineness" but ADMITS that the documents of Exhibit A appear to be copies of original documents in used in various proceedings and of record with various courts, except it is noted there are a number of pages missing from what appears in the original documents and several pages are duplicated.

2.      Admit that the Subject Hash is identical in Exhibits A-1, A-5 at page 14, A-6 at pages 16-18, A-7 at page 4, A-8 at page 8, and A-9 at page 10.

**RESPONSE:**  Plaintiff objects as this request is vague and confusing but confirms the HASH F18A60DB02EC3B55C18924F47955DE766DACC537 appears multiple times, including in Exhibit A-1.  The HASH does not seems to appear at A-5, p14.  The HASH does appear on A-6, p. 16-18, A-7, p. 4, A-8, p. 8, and A-9 at page 10.

3.      Admit Your Infringement Detection system does not monitor the Tor Protocol.

**RESPONSE:** Plaintiff objects as this request is vague and misleading. Plaintiff admits that the neither the Excipio investigative tool nor the MavickMonitor tool independently monitor the Tor Protocol, but do monitors BitTorrent activity, whether or not it occurs through the Tor Protocol sub-set.

4.      Admit that the infringement alleged in the SAC did not go through the Tor Network.

**RESPONSE:** Plaintiff objects as the allegations related to use of the Tor Network are those raised by the Defendant, not Plaintiff.  Plaintiff is without sufficient facts to either admit or deny this claim and so has plead in the alternative.  FRCP 8(d).

5.      Admit that MaverickEye UG is the only entity that monitored Defendant's IP Address in relation to the infringement alleged in the SAC.

**RESPONSE:** DENY

6.      Admit that MaverickEye UG is the only entity that captured the Observed Data in relation to the infringement alleged in the SAC.

**RESPONSE:** DENY

7.      Admit that Your method for detecting infringements is not 100% accurate.

**RESPONSE:**  Plaintiff objects as this request is vague, but DENIES.  It is presumed as an axiomatic principal that no system outside of the divine constructs of God are without error or 100% accurate, but to date there are no known errors in detection of infringing activity associated with an IP Address through the MavrickMonitor system.

8.      Admit that an IP Address cannot be used to identify a person with absolute certainty.

**RESPONSE:** ADMIT

9.      Admit that Defendant's WIFI signal extends beyond the legal boundary of his house.

**RESPONSE:**  Plaintiff has no evidence that a Wi-Fi signal was ever used at the Defendant's house, or any information about legal boundaries and therefore cannot admit or deny this request.

= = = =

CERTIFICATE OF SERVICE

I certify that the foregoing document is being served on the date indicated below by transmitting a copy thereof by electronic mail to defendant as follows:

Michael O. Stevens
STEVENS & LEGAL, LLC
3699 NW John Olsen Place
Hillsboro, OR 97124

email: michael@hillsborofirm.com

DATED this 22nd day of April, 2016.

Crowell Law

*/s/ Carl D. Crowell*
Carl D. Crowell, OSB# 982049
P.O. Box 923
Salem, OR 97308
503-581-1240
carl@crowell-law.com
Of Attorneys for Plaintiff

Carl D. Crowell, OSB No. 982049
carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** | Case No.:3:15-cv-00907-AC |
| Plaintiff, | Plaintiff's Response to Defendant's Requests for Admissions |
| **vs.** | Request (#10) |
| **JOHN HUSZAR,** | FRCP 36 |
| Defendant. | No. 10 |

Pursuant to and in accordance with the rules and standards of the Federal Rules of Civil Procedure and related Local Rules, in particular FRCP 26 and 36, and the Order of this Court on further discovery, Dallas Buyers Club, LLC responds to Defendant's submitted Requests for Admission Nos. 10 as follows:

**General Objection**

Plaintiff objects to any instruction that deviates or alters its obligations under convention, the Federal Rules of Civil Procedure and related Local Rules and responds solely as it may elect to do so voluntarily or as required pursuant to such rules and as Plaintiff understands and interprets the submitted requests.   Plaintiff also objects to atypical language that creates obscure

or misleading answers and directs that requests should be submitted in plain, specific and coherent language.

DEFENDANT'S REQUESTS FOR ADMISSION

10.     Admit the only Film You claim Defendant infringed is the Work.

**RESPONSE:** DENY.

= = = =

CERTIFICATE OF SERVICE

I certify that the foregoing document is being served on the date indicated below by transmitting a copy thereof by electronic mail to defendant as follows:

> Michael O. Stevens
> STEVENS & LEGAL, LLC
> 3699 NW John Olsen Place
> Hillsboro, OR 97124
>
> email: michael@hillsborofirm.com

DATED this 25th day of June, 2017.

Crowell Law

*/s/ Carl D. Crowell*
Carl D. Crowell, OSB# 982049
P.O. Box 923
Salem, OR 97308
503-581-1240
carl@crowell-law.com
Of Attorneys for Plaintiff

Carl D. Crowell, OSB No. 982049
carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** | Case No.:3:15-cv-00907-AC |
| Plaintiff, | Plaintiff's Response to Defendant's Requests for Admissions |
| **vs.** | Requests (#11–20) |
| **JOHN HUSZAR,** | FRCP 36 |
| Defendant. | SET 3 :  Nos. 11-20 |

Pursuant to and in accordance with the rules and standards of the Federal Rules of Civil

Procedure and related Local Rules, in particular FRCP 26 and 36, and the Order of this Court on

further discovery, Dallas Buyers Club, LLC responds to Defendant's submitted Requests for

Admissions (Nos. 11-20) as follows:

## General Objection

Plaintiff objects to any instruction that deviates or alters its obligations under convention,

the Federal Rules of Civil Procedure and related Local Rules and responds solely as it may elect

to do so voluntarily or as required pursuant to such rules and as Plaintiff understands and

interprets the submitted requests.   Plaintiff also objects to atypical language that creates obscure

or misleading answers and directs that requests should be submitted in plain, specific and coherent language.

## DEFENDANT'S REQUESTS FOR ADMISSION

11.     Admit to Genuineness of Exhibit A.

**RESPONSE:**  Plaintiff objects to the vague term "Genuineness" but ADMITS that the document of Exhibit A appears to be a true copy of document obtained through the PACER system.

12.     Admit to Genuineness of Exhibit B.

**RESPONSE:**  Plaintiff objects to the vague term "Genuineness" but ADMITS that the documents of Exhibit B appear to be true copies of documents obtained through the PACER system.

13.     Admit to Genuineness of Exhibit C.

**RESPONSE:**  Plaintiff objects to the vague term "Genuineness" but ADMITS that the document of Exhibit C appears to be a true copy of document obtained through the PACER system.

14.     Admit to Genuineness of Exhibit D.

**RESPONSE:**  Plaintiff objects to the vague term "Genuineness" but ADMITS that the document of Exhibit D appears to be a true copy of document obtained through the PACER system.

15.     Admit to Genuineness of Exhibit E.

**RESPONSE:**  Plaintiff objects to the vague term "Genuineness" but ADMITS that the document of Exhibit E appears to be a true copy of document obtained through the PACER system.

16.    Admit to Genuineness of Exhibit F.

**RESPONSE:**  Plaintiff objects to the vague term "Genuineness" but ADMITS that the document of Exhibit F appears to be a true copy of document obtained through the PACER system.

17.    Admit to Genuineness of Exhibit G.

**RESPONSE:**  Plaintiff objects to the vague term "Genuineness" but ADMITS that the documents of Exhibit G appear to be true copies of documents obtained through the PACER system.

18.    Admit to Genuineness of Exhibit H.

**RESPONSE:**  Plaintiff objects to the vague term "Genuineness." Plaintiff has no knowledge of the authenticity of the documents of Exhibit H, but admits it does not have any reason to doubt authenticity of the relevant documents.

19.    Admit to Genuineness of Exhibit I.

**RESPONSE:**  Plaintiff objects to the vague term "Genuineness." Plaintiff has no knowledge of the authenticity of the document of Exhibit I, but admits it does not have any reason to doubt authenticity of the relevant document.

20.    Admit to Genuineness of Exhibit J.

**RESPONSE:**  Plaintiff objects to the vague term "Genuineness." Plaintiff has no knowledge of the authenticity of the documents of Exhibit J, but admits it does not have any reason to doubt authenticity of the relevant documents.

= = = =

CERTIFICATE OF SERVICE

I certify that the foregoing document is being served on the date indicated below by transmitting a copy thereof by electronic mail to defendant as follows:

Michael O. Stevens
STEVENS & LEGAL, LLC
3699 NW John Olsen Place
Hillsboro, OR 97124

email: michael@hillsborofirm.com

DATED this 20th day of July, 2017.

Crowell Law

*/s/ Carl D. Crowell*
Carl D. Crowell, OSB# 982049
P.O. Box 923
Salem, OR 97308
503-581-1240
carl@crowell-law.com
Of Attorneys for Plaintiff

Carl D. Crowell, OSB No. 982049
carl@crowell-law.com
Crowell Law
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** | Case No.:3:15-cv-00907-AC |
| Plaintiff, | Plaintiff's Response to Defendant's Requests for Admissions |
| **vs.** | Requests (#21-40) |
| **JOHN HUSZAR,** | FRCP 36 |
| Defendant. | SET FOUR |

Pursuant to and in accordance with the rules and standards of the Federal Rules of Civil Procedure and related Local Rules, in particular FRCP 26 and 36, and the Order of this Court on further discovery, Dallas Buyers Club, LLC responds to Defendant's submitted Requests for Admissions (Nos. 21-40) as follows:

### General Objection

Plaintiff objects to any instruction that deviates or alters its obligations under convention, the Federal Rules of Civil Procedure and related Local Rules and responds solely as it may elect to do so voluntarily or as required pursuant to such rules and as Plaintiff understands and interprets the submitted requests.   Plaintiff also objects to atypical language that creates obscure

or misleading answers and directs that requests should be submitted in plain, specific and coherent language.

## DEFENDANT'S REQUESTS FOR ADMISSION

21.     Admit the case in Exhibits A-C involves the same Plaintiff as this case.

        RESPONSE: ADMIT

22.     Admit the case in Exhibits A-C involves the same Work as this case.

        RESPONSE: ADMIT

23.     Admit the case in Exhibits A-C involves the same Subject Hash as this case.

        RESPONSE: ADMIT

24.     Admit in the case in Exhibits A-C, DBC used Forensic Software to monitor the Subject Hash.

        RESPONSE:  Objection as to being vague, DENY

25.     Admit for the case in Exhibits A-C, DBC used Forensic Software to scan peer-to-peer networks for the presence of infringing transactions with respect to the Work.

        RESPONSE:  Objection as to being vague, DENY

26.     Admit in the case in Exhibits A-C, DBC used Forensic Software to identify the IP addresses being used by people using the BitTorrent protocol and internet to infringe the Work.

        RESPONSE:  Objection as to being vague, DENY

27.     Admit the case in Exhibits D-E involves the same Plaintiff as this case.

        RESPONSE:   ADMIT

28.     Admit the case in Exhibits D-E involves the same Work as this case.

        RESPONSE:   ADMIT

29.     Admit the case in Exhibits D-E involves the same Subject Hash as this case.

        RESPONSE: ADMIT

30.     Admit in the case in Exhibits D-E, Crystal Bay Corporation used Forensic Software to
        monitor the Subject Hash.

        RESPONSE: ADMIT

31.     Admit in the case in Exhibits D-E, Crystal Bay Corporation used Forensic Software to
        scan peer-to-peer networks for the presence of transactions infringing the Work.

        RESPONSE:  ADMIT

32.     Admit in the case in Exhibits D-E, Crystal Bay Corporation used Forensic Software to
        identify the IP addresses being used by people using the BitTorrent protocol and internet
        to infringe the Work.

        RESPONSE: ADMIT

33.     Admit the case in Exhibits F-G involves the same Plaintiff as this case.

        RESPONSE:  ADMIT

34.     Admit the case in Exhibits F-G involves the same Work as this case.

        RESPONSE:  ADMIT

35.     Admit the case in Exhibits F-G involves the same Subject Hash as this case.

        RESPONSE:  ADMIT

36.     Admit in the case in Exhibits F-G, Crystal Bay Corporation used Forensic Software to
        monitor the Subject Hash.

        RESPONSE:  ADMIT

37.     Admit in the case in Exhibits F-G, Crystal Bay Corporation used Forensic Software to
        scan peer-to-peer networks for the presence of transactions infringing the Work.

        RESPONSE:  ADMIT

38.     Admit in the case in Exhibits F-G, Crystal Bay Corporation used Forensic Software to
        identify the IP addresses being used by people using the BitTorrent protocol and internet
        to infringe the Work.

        RESPONSE:   ADMIT

39.     Admit Crystal Bay Corporation is incorporated in South Dakota.

RESPONSE:  Objection as to vague, DENY.  On information and belief Crystal Bay is no longer in business.

40.     Admit Crystal Bay Corporation's principle place of business is in South Dakota.

RESPONSE:  Objection as to vague, DENY.  On information and belief Crystal Bay is no longer in business.


= = = =


CERTIFICATE OF SERVICE

I certify that the foregoing document is being served on the date indicated below by transmitting a copy thereof by electronic mail to defendant as follows:

> Michael O. Stevens
> STEVENS & LEGAL, LLC
> 3699 NW John Olsen Place
> Hillsboro, OR 97124
>
> email: michael@hillsborofirm.com


DATED this 20th day of July, 2016.


Crowell Law

*/s/ Carl D. Crowell*
Carl D. Crowell, OSB# 982049
P.O. Box 923
Salem, OR 97308
503-581-1240
carl@crowell-law.com
Of Attorneys for Plaintiff