John Mansfield, OSB No. 055390
john@harrisbricken.com
Megan Vaniman, OSB No. 124845
megan@harrisbricken.com
HARRIS BRICKEN
511 SE 11th Ave., Ste. 201
Portland, OR  97214
503-207-7313
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** <br><br>                    Plaintiff, <br><br> v. <br><br> **JOHN HUSZAR,** <br><br>                    Defendant. | Case No.: 3:15-cv-00907-AC <br><br> **PLAINTIFF'S RESPONSES TO DEFENDANT'S EVIDENTIARY OBJECTIONS MADE IN REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Plaintiff responds to Defendant's evidentiary objections in its Reply ISO Motion for Summary Judgment. ECF 146, at p. 9. Defendant objects to the Report of Stephen Bunting attached as Exhibit 1 to ECF 145 (the "Bunting Report") as (1) lacking foundation; (2) hearsay; and (3) lacking personal knowledge.

- 1 - **RESPONSES TO EVIDENTIARY OBJECTIONS**

Defendant's evidentiary objections are misplaced for several reasons. First, Plaintiff does not cite the Bunting Report as substantive evidence of any fact, but presents it to dispute expert opinion of Defendant's expert Dr. Toth. To the extent Defendant relies on Dr. Toth's report (the "Toth Report") as a basis for a finding of fact, the Bunting Report shows there are disputed issues of fact. Second, Defendant's foundation and personal knowledge objections go to the weight of the evidence, not its admissibility. Third, Defendant's hearsay objection is incorrect because Plaintiff is not citing the Bunting Report for the truth of any matter asserted, but to counter Defendant's claim that the Toth Report shows that there is no disputed issue of material fact and that Defendant is entitled to judgment as a matter of law.

It is well-established that in ruling on a motion for summary judgment, the Court will consider the admissibility of the proffered evidence's contents, not its form. ECF 41, at p. 3 (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its content."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment….")); ECF 48, at pp. 3-4 (quoting *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

**Objection Based on Lack of Foundation**: Defendant objects to the Bunting Report as lacking foundation because (1) "it relies on evidence and documents not included in the report"; (2) "was authored to support another case"; and (3) "relies on documents and evidence requested in discovery by [Defendant], but not produced by [Plaintiff] prior to the close of discovery."

**Response**: Defendant's lack of foundation objection is misplaced, because the Bunting Report is solely intended to present an expert's opinion. There is no question that the Bunting Report is admissible to challenge either expert opinion or facts cited in the Toth Report. Defendant's objection might be a basis for arguing against the weight of the opinion if offered at trial, but it does not go to its admissibility.

**Objection to the Bunting Report Based on Hearsay**: Defendant objects to the Bunting Report as hearsay, arguing it "relies upon … phone conversations from Ben Perino, as the basis for the truth of the matter asserted therein, namely that MaverickMonitor system is reliable." ECF 146, at p. 9.

**Response**: Plaintiff's hearsay objection relies on the faulty premise that Plaintiff introduced the Bunting Report to prove the truth of the matter asserted: that MaverickMonitor detects the IP addresses of infringing BitTorrent users correctly, consistently, and reliably. Instead, as explained above, Plaintiff presented the Bunting Report as expert opinion contradicting the opinion of Dr. Toth: "As is often the case, "there is another expert opinion in this case, which disputes Dr. Toth's opinions." ECF 144, at p. 7. In any event, an expert is permitted to rely on hearsay as a basis for expert opinions. Fed. R. Evi. 703. Any objections to such reliance go to the weight of the evidence, not its admissibility.

**Objection to the Bunting Report Based on of Personal Knowledge**: Defendant claims the Bunting Report is inadmissible because it lacks the declarant's personal knowledge in that the Bunting Report "does not provide a computation of the false positive rate of the Maverick Monitor system, and therefore Mr. Bunting cannot testify as to that rate."

**Response**:  Defendant's lack of personal knowledge claim is incorrect. Expert witnesses may rely on others' statements, studies, and conclusions in asserting their own opinion.  Fed. R. Evi. 703. Again, this objection goes to the weight of the evidence, not its admissibility.

Defendant's evidentiary objections are not germane to the issue before the Court, which is whether a genuine issue of material fact exists. The Court should disregard Defendant's objections.

DATED:  August 28, 2018.                    HARRIS BRICKEN

                                         By:  s/ John Mansfield
                                              John Mansfield, OSB No. 055390
                                              john@harrisbricken.com
                                              Megan Vaniman, OSB No. 124845
                                              megan@harrisbricken.com
                                              511 SE 11th Ave., Ste. 201
                                              Portland, OR  97214
                                              503-207-7313

                                              *Attorneys for Plaintiff*