# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS, LLC**, | Case No. 3:15-cv-0907-AC |
| Plaintiff, | **ORDER** |
| v. | |
| **JOHN HUSZAR**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on March 6, 2019. ECF 156. Judge Acosta recommended that Plaintiff Dallas Buyers, LLC's motion for summary judgment be granted based on facts deemed admitted by Defendant John Huszar ("Huszar" or "Defendant") in failing to respond to Requests for Admission served by Plaintiff on April 12, 2016. Judge Acosta also recommended that Defendant's cross motion for summary be denied, because the evidence relied on by Defendant is contrary to the facts deemed admitted.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Defendant filed objections to Judge Acosta's Findings and Recommendation. Defendant raises the argument, for the first time, that the Requests for Admission ("RFAs") were not actually served on Huszar, who was not a party in the case on April 12, 2016, but were instead served on then-defendant Integrity Computer Services ("Integrity"). Plaintiff argues that because the RFAs were not served on Huszar, he should not be deemed to have admitted the facts requested therein.

On May 31, 2016, the Court granted Plaintiff's motion to amend the complaint, allowing Plaintiff to remove Integrity and substitute John Huszar as the defendant. Plaintiff filed the Second Amended Complaint on July 7, 2016. It does not appear, however, that Plaintiff ever served any RFAs on Huszar himself.

Although Defendant did not previously raise the argument that failure to respond to the April 12, 2016 RFAs should not be deemed an admission by Huszar because those requests were not served on him but were instead served on Integrity, the Court will consider the argument. The original motion to compel or deem the facts admitted was litigated while Defendant was proceeding *pro se* and after he had indicated that he would not participate in the case due to health concerns. Moreover, counsel for Plaintiff when litigating the motion to compel generically described the "defendant" as being served with the RFAs, instead of specifically—and accurately—identifying Integrity. After new counsel began representing Defendant, as Judge Acosta recites in his Findings and Recommendation, the judge indicated to counsel that any motion relating to the deemed admissions "would not be well taken." It was thus reasonable that

PAGE 2 – ORDER

counsel did not look closely at the issue. After the Findings and Recommendation was issued, however, the severity of the consequences of accepting the admissions against Defendant became evident and Defendant's counsel reviewed the issue more closely. Accordingly, the Court does not find that Defendant has waived this argument.

Plaintiff filed no response to Defendant's objections, including no response to the argument that the relevant RFAs were served only on Integrity (the only Defendant at that time) and thus the facts should not be deemed admitted against Huszar. Rule 36 of the Federal Rules of Civil Procedure establishes that RFAs can only be served on a "party." Fed. R. Civ. P. 36(a)(1). Huszar was not a party until July 7, 2016, when the Second Amended Complaint was filed. The RFAs at issue are captioned as if the defendant in the case on April 12, 2016 was "Integrity Computer Services a/ka/ John Huszar." ECF 77-1. That, however, was not the proper caption of the case or the name of the defendant at that time. The only defendant in the case at that time was simply "Integrity Computer Services," (no "a/k/a") and that is the only defendant named in the First Amended Complaint. ECF 10. Huszar, therefore, was not the party served with the April 12, 2016 RFAs. The facts sought in those requests thus cannot be deemed admitted by Huszar for failure to respond, and the Court's order finding such admission is withdrawn.

Because no facts are deemed admitted by Huszar, the Court declines to adopt the Findings and Recommendation (ECF 156). The Court remands this case to Judge Acosta for consideration on the merits of Plaintiff's motion for summary judgment and Defendant's cross motion for summary judgment.

**IT IS SO ORDERED**.

DATED this 7th day of May, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER