WENDY LYON, OSB No.: 162408
WLyon@FoxRothschild.com
FOX ROTHSCHILD LLP
1001 4th Avenue, Suite 4500
Seattle, WA 98154
Telephone:   206-389-1667
Facsimile:    206-389-1708

LINCOLN BANDLOW – *Pro Hac Vice Application Pending*
Lincoln@BandlowLaw.com
LAW OFFICES OF LINCOLN BANDLOW, PC
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:   310-556-9680
Facsimile:    310-861-5550

*Attorneys for Plaintiff,*
*Dallas Buyers Club, LLC.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC**<br><br>        *Plaintiff,*<br><br>    v.<br><br>**JOHN HUSZAR**<br><br>        *Defendant.* | Case No.:  3:15-cv-00907-AC<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR A BRIEF EXTENSION OF THE DEADLINES SET FORTH IN THE SCHEDULING ORDER OF MAY 8, 2019 (ECF # 163)** |

**LR. 7.1 CONFERAL**

Plaintiff's counsel certifies he has conferred with counsel for the Defendant who indicated Defendant will file an opposition to this ex parte application.

3:17-cv-157-AC

Page 1

PLAINTIFF'S EX PARTE APPLICATION FOR A BRIEF EXTENSION OF THE DEADLINES SET FORTH IN THE SCHEDULING ORDER OF MAY 8, 2019 (ECF. #163)

## EX PARTE APPLICATION

Pursuant to the Order of the Hon. Judge John V. Acosta (ECF No. 163), Plaintiff's and Defendant's "supplemental pleadings updating their original arguments in light of the opinions filed since original briefing was completed regarding their respective motions for summary judgment" ("Supplemental Briefing") are due on June 7, 2019 and the response "to any additional arguments/briefing" ("Response Briefing") is due by June 21, 2019.  Plaintiff requests a brief period of additional time (two weeks) to allow Plaintiff's newly added counsel to review voluminous case records and file its supplemental pleading.  Thus, Plaintiff requests that the Court make the following calendaring changes:

1. The deadline for all parties to file their Supplemental Briefing be continued from June 7, 2019 to June 21, 2019; and

2. The deadline for all parties to file their Response Briefing be continued from June 21, 2019 to July 12, 2019.

## SUPPORTING MEMORANDUM

Prior to the present counsel for Plaintiff being added to this case, Plaintiff and Defendant had filed motions for summary judgment in this case.  Plaintiff's motion relied on certain requests for admission that went without a response and thus, it was argued, Defendant had essentially conceded all the basis for liability in this case.  Defendant's motion relied on various arguments regarding the infringement detection technology at issue in the case and Plaintiff's proof of ownership of the work at issue.

On March 3, 2019, the Honorable Judge John Acosta issued his Findings and

3:17-cv-157-AC

Page 2

PLAINTIFF'S EX PARTE APPLICATION FOR A BRIEF EXTENSION OF THE DEADLINES SET FORTH IN THE SCHEDULING ORDER OF MAY 8, 2019 (ECF. #163)

Recommendation in which he held that Plaintiff's motion should be granted and Defendant's motion should be denied. ECF #156. On that same day, Judge Acosta issued an Order referring his Findings and Recommendation to the Honorable Judge Michael Simon. ECF #157.

Just last month, however, on May 7, 2019, Judge Simon issued an Order declining to adopt the Findings and Recommendations, holding that the requests for admission that were the subject of the Plaintiff's summary judgment motion had been served on the corporate entity that had previously been the defendant in the case, but not on the current individual defendant, John Huszar, and thus could not be used against Mr. Huszar. ECF #162. Thus, Judge Simon remanded the case to Judge Acosta "for consideration on the merits of Plaintiff's motion for summary judgment and Defendant's cross motion for summary judgment" without reference to the requests for admission that had previously been deemed admitted. ECF #162. The next day, on May 8, 2019, Judge Acosta issued an Order scheduling the Supplemental Briefing for June 7, 2019 and the Responding Briefing for June 21, 2019.

On April 3, 2019, the Court allowed Wendy E. Lyon of Fox Rothschild LLP to be substituted as counsel of record for Plaintiff in place of attorney Michael Atkins and Megan Vaniman. At that time, attorney Lincoln Bandlow was also a partner at Fox Rothschild LLP in Los Angeles and had been asked by Plaintiff to take over the handling of this action. Mr. Bandlow intended to file an application for admission pro hac vice. At that time, however, what was pending in this matter was simply the ruling on Judge Acosta's Findings and Recommendation that summary judgment be granted in Plaintiff's favor as to liability. Thus, since there was no particular action that needed to be taken, the application was not filed at the time.

On April 26, 2019, however, Mr. Bandlow left the Fox Rothschild law firm and started

| 3:17-cv-157-AC | Plaintiff's Ex Parte Application for a Brief Extension of the Deadlines Set Forth in the Scheduling Order of May 8, 2019 (ECF. #163) |
|---|---|
| Page 3 | |

his own law firm, Law Offices of Lincoln Bandlow, P.C. From that time forward, in regard to this case, discussions commenced regarding whether Mr. Bandlow would continue to represent the Plaintiff in connection with this lawsuit and whether Ms. Lyon and Fox Rothschild would continue to act as local counsel. As those discussions were taking place, on May 8, 2019, Judge Acosta issued his Order. It was only within the last few days, however, that Plaintiff has been able to put into place the deal that allows Mr. Bandlow to continue to work on this matter and Ms. Lyon to remain local counsel in the matter. Moreover, it was not until today that Mr. Bandlow received from Fox Rothschild the electronic files that pertain to this matter (this delay was through no fault of Fox Rothschild but simply a product of there being a large number of files that had to be transferred to Mr. Bandlow upon his departure from the firm).

Accordingly, Plaintiff's counsel reached out to counsel for Defendant to seek a short two-week extension of the Supplemental Briefing and Response Briefing deadlines to allow counsel for Plaintiff to review the voluminous filings done in support of the competing summary judgment motions in the case.[1] In addition, because of the recent development from May 7, 2019 of the Court rejecting the Findings and Recommendation and the Order requiring supplemental briefing, counsel for Plaintiff also broached the subject of resolving the case without the need for further litigation. Defendant's counsel stated that they would oppose any request for an extension, citing purported slights from prior counsel and the length of time the case has been pending, but did not provide any particular purported prejudice that would come

---

[1] Defendant's counsel may assert that such pleadings should have been extensively reviewed back in April when new counsel took over the case. But such review at that time would have made no sense: at that time, it appeared summary judgment would be granted in Plaintiff's favor based on the Findings and Recommendation of Judge Acosta. It was not until only recently on May 7, 2019, when such Findings and Recommendation were not adopted, requiring a reevaluation of those pleadings.

| *3:17-cv-157-AC* | PLAINTIFF'S EX PARTE APPLICATION FOR A BRIEF EXTENSION OF THE DEADLINES SET FORTH IN THE SCHEDULING ORDER OF MAY 8, 2019 (ECF. #163) |
|---|---|
| Page 4 | |

from this brief extension. It did appear from counsel for Defendant, however, that there may be some interest in conducting further settlement discussions.

Plaintiff respectfully requests that the Court grant this short extension that Defendant rejected. Under the Federal Rules of Civil Procedure, the Court may extend the deadlines for the supplemental summary judgment briefing "for good cause." Fed.R.Civ.P. 6(b)(1); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010). This rule is to be "liberally construed." *Ahanchian*, 624 F.3d at 1259; *Rogers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263. *See also* Fed.R.Civ.P. 1 (the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Thus, "requests for extensions of time made before the applicable deadline has passed should 'normally … be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Anhanchian*, *supra* (*quoting* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004). Finally, "good cause" is "a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Anhanchian*, *supra*.

Here, there is good cause to allow this brief extension and there would be no prejudice to Defendant. Counsel for Plaintiff is new to the case, had timing issues due to a transition between firms, and otherwise requires additional time in this matter to not only make sure that the Court is provided with the information it needs to fairly adjudicate the case, but to see if further settlement discussions could lead to the early resolution of the case. None of this would prejudice the Defendant, indeed, it might be to the benefit of the Defendant to the extent the Defendant is interested in an earlier, rather than a prolonged, resolution of this matter.

Accordingly, Plaintiff respectfully requests that the Court make the following calendaring

3:17-cv-157-AC

Page 5

PLAINTIFF'S EX PARTE APPLICATION FOR A BRIEF EXTENSION OF THE DEADLINES SET FORTH IN THE SCHEDULING ORDER OF MAY 8, 2019 (ECF. #163)

changes:

1.      The deadline for all parties to file their Supplemental Briefing be continued from June 7, 2019 to June 21, 2019; and

2.      The deadline for all parties to file their Response Briefing be continued from June 21, 2019 to July 12, 2019.[2]

June 6, 2019

_____
WENDY LYON, OSB No.: 162408
WLyon@FoxRothschild.com
FOX ROTHSCHILD LLP
1001 4th Avenue, Suite 4500
Seattle, WA 98154
Telephone:    206-389-1667
Facsimile:    206-389-1708

LINCOLN BANDLOW – *Pro Hac Vice App. Pending*
lincoln@bandlowlaw.com
LAW OFFICES OF LINCOLN BANDLOW, P.C.
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:    310-556-9680
Facsimile:    310-861-0555

---

[2] Although only a two-week extension is requested for the deadline to file the Supplemental Briefing, Plaintiff requests a three-week extension for the deadline to file the Response Briefing simply because two weeks from June 21 would fall on July 5, 2019, a date on which one can assume the Court and the parties will be rightfully occupied with enjoying with their families the Fourth of July holiday, and thus it would be best to push that date one week further (making a total extension of three weeks) to July 12, 2019.

3:17-cv-157-AC

Page 6

PLAINTIFF'S EX PARTE APPLICATION FOR A BRIEF EXTENSION OF THE DEADLINES SET FORTH IN THE SCHEDULING ORDER OF MAY 8, 2019 (ECF. #163)