Michael O. Stevens, OSB No. 095198
michael@hillsborofirm.com
STEVENS & LEGAL, LLC
3699 NE John Olsen Avenue
Hillsboro, OR 97124
Tel: (971) 533-6178
Fax: (971) 228-2608

J. Curtis Edmondson, CASB No. 236105 (*pro hac vice*)
jcedmondson@edmolaw.com
EDMONDSON IP LAW
3699 NE John Olsen Avenue
Hillsboro, OR 97124
Tel: (503) 336-3749
Fax: (503) 482-7418

David H. Madden, OSB No. 080396
dhm@mersenne.com
MERSENNE LAW LLC
9600 SW Oak Street, Suite 500
Tigard, OR  97223
Tel: (503) 679-1671
Fax: (503) 512-6113

Attorneys for Defendant JOHN HUSZAR

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,**<br><br>             Plaintiff,<br>v.<br><br>**JOHN HUSZAR**<br><br>             Defendant. | Case No.: **3:15-cv-0907-AC**<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A BRIEF EXTENSION OF THE DEADLINES SET FORTH IN THE SCHEDULING ORDER |

Defendant John Huszar ("Defendant") opposes Plaintiff Dallas Buyers Club, LLC's

("DBC"), Ex Parte Application for a Brief Extension of the Deadlines Set Forth in the Scheduling Order of May 8, 2019 ("MOET"). (See Dkt 165). The MOET should be denied as there is no legitimate reason to further delay this case.

## MEMORANDUM

### I. COUNSEL OF RECORD

The Counsel of Record for Plaintiff has been Wendy Lyon since April 3, 2019 (Dkt. 160). Ms. Lyon remains the counsel of record up to and including the filing of the MOET, as Mr. Bandlow has not been admitted to this district in any capacity. Such an admission is not guaranteed, as a similar application was denied in another court roughly one year ago for Mr. Bandlow. See *Strike 3 Holdings, LLC v. John Doe* (1:18-cv-02132), E.D. New York, May 4, 2018.

As noted in the MOET, the file for this case has resided with Fox Rothschild LLP. Fox Rothschild LLP also happens to be the firm that employs the counsel of record in this case, Ms. Lyon. As such, per the MOET, the counsel of record in this case had full access to prepare the supplemental briefing, and any delay is unexplained. Further, all factual assertions in the MOET are pure hearsay unsupported by a proper declaration.

### II. REASONS TO DENY THE MOET

As explained to Mr. Bandlow (see Decl. of Michael O. Stevens), Defendant and his counsel are concerned about how long this case has continued for, which is now nearly four years. This is due in part to the numerous extensions Plaintiff has requested in this case. Plaintiff has made four requests for extensions of time just since DBC filed its motion for summary judgment. See Dkts. 132, 136, 140, and 142. Defendant did not previously oppose such requests out of professional courtesies, but at some point Plaintiff needs to abide by the schedule set forth by the Court, and that time has come.

Furthermore, as noted in the correspondence with Mr. Bandlow, Defendant also objects to the MOET due to the documented health reasons noted in the docket. Continued delays do nothing than continue the anxiety suffered by Defendant, which had led to the earlier delays in this case. The sooner the case comes to a conclusion, the better for Defendant, as justice delayed is justice denied.

Meanwhile, Plaintiff has provided no legitimate reason for yet another delay in this case. The Court is only allowing supplemental briefing on motions that were fully briefed long ago. There is little new case law that would be pertinent to the facts and laws at issue here, and actual counsel for Plaintiff could have completed that research long ago, and should be prepared to file on the original deadline. Waiting until Tuesday, June 4, 2019, to approach counsel for Defendant also prejudices Defendant, who has been preparing to timely file his supplemental briefing. See Decl. of J. Curtis Edmondson.

This would be a different story had Mr. Bandlow approached Defense counsel much sooner, or had a proper reason for the need for further delay. But there is no proper reason for the delay, such as some sort of unexpected issue arising. Mr. Bandlow admits he came onto the case prior to the issuing of the scheduling order at issue here. See exhibits to Decl. of Michael O. Stevens. Everything needed in the case is available on PACER, so there is no just, proper reason for the delay.

Lastly, counsel of record for Plaintiff has been involved in the case for two months and works for the firm where the file was allegedly located. Defendant notes there was no declaration included with the MOET, so we have nothing properly in the record regarding the circumstances alleged in the MOET. However, the Court's records do show that Ms. Lyon has been actively involved in litigating other cases in this district for her firm. See Decl. of J. Curtis Edmondson.

Further, LR 83-3(a)(1) requires her meaningful participation in this case. Thus, Ms. Lyon should have her supplemental briefing prepared, as she has not made any motion for an extension of time nor explained why she is unable to timely file the supplemental briefing.

### III. CONCLUSION

Plaintiff has continued to delay this case since summary judgment was sought by both parties. Further delays are simply unwarranted. For the reasons set forth above, Defendant respectfully requests the Court deny the Motion for an Extension of Time, leaving the current briefing schedule intact.

DATED: June 7, 2019                              Respectfully submitted,

                                                                STEVENS & LEGAL, LLC

                                                                /s/ Michael O. Stevens
                                                                Michael O. Stevens, OSB No. 095198
                                                                michael@hillsborofirm.com
                                                                Attorney for Defendant