Michael O. Stevens, OSB No. 095198
michael@hillsborofirm.com
STEVENS & LEGAL, LLC
3699 NE John Olsen Avenue
Hillsboro, OR 97124
Tel: (971) 533-6178
Fax: (971) 228-2608

J. Curtis Edmondson, CASB No. 236105 (*pro hac vice*)
jcedmondson@edmolaw.com
EDMONDSON IP LAW
3699 NE John Olsen Avenue
Hillsboro, OR 97124
Tel: (503) 336-3749
Fax: (503) 482-7418

David H. Madden, OSB No. 080396
dhm@mersenne.com
MERSENNE LAW LLC
9600 SW Oak Street, Suite 500
Tigard, OR  97223
Tel: (503) 679-1671
Fax: (503) 512-6113

Attorneys for Defendant JOHN HUSZAR

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** | Case No.: **3:15-cv-0907-AC** |
| Plaintiff, | DEFENDANT'S SUPPLEMENTAL BRIEF RE SUMMARY JUDGMENT |
| v. | |
| **JOHN HUSZAR,** | |
| Defendant. | **ORAL ARGUMENT REQUESTED** |

Defendant John Huszar ("Huszar" of "Defendant") provides the following supplemental

briefing on the pending cross motions for summary judgments pursuant to the Court's Scheduling Order of May 8, 2019. (See Dkt 165). Defendant requests the Court grant summary judgment in favor of Defendant, and deny Plaintiff Dallas Buyers Club, LLC's ("DBC") motion for summary judgment.

## INTRODUCTION

This case involves the alleged infringement of the movie "Dallas Buyers Club" by Huszar. The Court asked for supplemental briefing on the pending motions for summary judgment.

This case involves the unusual situation of Huszar hosting a "Tor exit node" (www.torproject.org). DBC decided to pursue this case with despite knowing early on that Huszar had no way of knowing what content passed through his "Tor exit node". Huszar raised three grounds for Summary Judgment in his favor:

- Huszar has statutory copyright infringement immunity under 17 U.S.C. §§ 512(a) and 512(b) for an ISP (internet service provider), as he operated as an ISP with a Tor server; and/or
- DBC cannot "prove up" its case as DBC has failed to produce a true and correct "depository copy" by the close of discovery. This precludes DBC from satisfying an essential element of infringement; and/or
- Any data generated from the "MaverickMonitor" torrent monitoring system cannot be relied upon for the purposes of proving any "infringement". The software was built without any formal specifications, has no documentation, has never been tested, and has no reports on error rates.

Defendant is limiting arguments to new cases that have been decided prior to these pending summary judgment motions. On these three points, only the first point has relevant new case law. This argument is intended to supplement the arguments already made in Huszar's motion for summary judgment.

**ARGUMENT**

I. **HUSZAR IS NOT LIABLE FOR INFRINGEMENT BY HAVING A TOR SERVER INSTALLED**

In a case decided last year in this Circuit, a website operator was sued for copyright infringement. *Ventura Content v. Motherless*, 885 F.3d 597 (9th Cir., 2018). In that case, Motherless' website allowed individuals to register accounts and upload content. *Id.* at 602, "Eight Users Uploaded 33 infringing clips". When Motherless was given notice of the infringement[1], the infringing clips were removed. *Id.* at 614 "…*removed them on the day that Ventura gave Motherless enough information to do so..*". The Court in *Ventura* granted summary judgment to the defendant under the "safe harbor provisions" of 17 U.S.C. § 512(c) since Motherless satisfied the tripartite requirements of 'safe harbor". Here, Huszar's operation of the Tor Server satisfies the tripartite test.

First, Huszar did not know of the infringement of DBC by the user having a Tor Brower. *Ventura* at 604. This is clear from his declaration at Docket 39-1 where he declared he used a Tor Exit Node. The technical details of the operation of Tor have been detailed in numerous court proceedings involving use of Tor Browsers to mask user identities. See *United States v. Jean*, 207 F.Supp.3d 920, 924 (W.D. Ark., 2016).

Second, Huszar "took down" the material in the sense that the material was simply routed through his server. There is no allegation that DBC observed that the movie was "posted" on Huszar's website. (Docket 63). The allegation is that only transactions passed through Huszar's website. However, every ISP, like Motherless, potentially has infringing content passing through the website.

---

[1] *Motherless*, like Huszar, was not sent any DMCA notices of infringement.

Third, Huszar did not benefit directly, indirectly, or at all from the activity. *Ventura* at 604. There is nothing in the record that shows Huszar had advertisements, charged a subscription, etc. for the DBC transactions passing through his Tor Server.

Therefore, under *Ventura*, Huszar is not liable as an infringer for implementation of a Tor Relay Node.

## CONCLUSION

The Tor Project has many good uses (free speech against dictators) and many bad uses (dark web), but the operators of Tor Exit Nodes, which simply route transactions, do not know what content passes through their servers. As such, like any router on the internet, Huszar is statutorily immune from a claim of copyright infringement. *Ventura*, and the Ninth Circuit, simply reconfirmed that fact. Thus, Defendant's motion for summary judgment should be granted.

DATED: June 7, 2019                 Respectfully submitted,

                                    STEVENS & LEGAL, LLC

                                    /s/ Michael O. Stevens
                                    Michael O. Stevens, OSB No. 095198
                                    michael@hillsborofirm.com
                                    Attorney for Defendant